UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:08-CV-149-DCK

| | |
|---|---|
| ALLIED MANUFACTURING TECHNOLOGIES, INC., </br>　　　　Plaintiff, </br></br>v. </br></br>HURON, INC. </br>　　　　Defendant. | ) </br> ) </br> ) </br> ) 　ORDER </br> ) </br> ) </br> ) </br> ) </br> ) |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion For Leave to Allow Counsel *Pro Hac Vice* to Conduct Depositions Without Local Counsel Present" (Document No. 22) filed on August 27, 2009 by Allied Manufacturing Technologies, Inc. ("Plaintiff"). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having fully considered the record, the undersigned will **deny** the motion as moot.

Local Rule 83.1 governs the *pro hac vice* admission of out-of-state attorneys in the Western District of North Carolina and provides that a candidate for *pro hac vice* admission "must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court." L.Cv.R. 83.1. Plaintiff has separately moved for the *pro hac vice* admission of Pennsylvania attorney, Joe London. In the present motion, Plaintiff seeks this Court's permission for Mr. London to conduct depositions outside the state of North Carolina in this case without local counsel present. While the Court appreciates counsel's caution, Local Rule 83.1 only requires local counsel to accompany the *pro hac vice* candidate at "hearings." In other words, permission regarding the

deposition is not needed.

**IT IS, THEREFORE, ORDERED** that the "Plaintiff's Motion For Leave to Allow Counsel Pro Hac Vice to Conduct Depositions Without Local Counsel Present" (Document No. 22) is **DENIED as moot**.

**IT IS SO ORDERED.**

Signed: August 27, 2009

David C. Keesler
United States Magistrate Judge